IN THE MATTER OF THE INTERDICTION OF ROSETTE ROCHON, f. c. w.

By Articles 402 of the C. C. and 962 of the C. P., the law on the subject of tutorship is made applicable to the curatorship of interdicted persons in respect to many matters, and particularly in reference to the oath, the inventory and the security.

By this law, the District Judge is vested with a discretionary power in fixing the bond of a curator of an interdicted person, over a portion of the amount, which is to constitute the sum of the bond, and the law makes it his duty to embrace in the bond : 1st. An amount equal to the active debts ; 2dly. The money and other movable effects stated in the inventory ; and, 3dly. Such other sum as he shall deem sufficient to cover any loss or damages which the curator may occasion the interdicted person by mal-administration of his estate.

This discretion vested in the District Judge, is a legal discretion, and may, in a proper case, be revised by the Supreme Court on appeal ; but if parties wish to question the exercise of this discretionary power by the District Judge, they should place on file testimony to show that the Judge was governed by an unnecessary caution towards the party giving bond.

APPEAL from the Second District Court of the New Orleans, *Morgan*, J. E. *Bermudez*, for curator, appellant.

MERRICK, C. J. The appellant has been appointed curator to the above named interdicted person.

The District Judge has fixed the amount of his bond at $8,000.

The question for our determination is whether the bond is not for a larger amount than the appellant is by law required to give ?

By Article 402 of the Civil Code and 962 of the Code of Practice, the law on the subject of tutorship is applicable to the curatorship of interdicted persons, in respect to many matters, and particularly in reference to the oath, the inventory, and the security.

The security, then, is required to be in an amount equal to the amount of credits, money and other movable effects, stated in the inventory, *and such other sum as the Judge shall deem sufficient to cover any loss or damage which the tutor may occasion to the minor by his bad administration.* C. C. 330.

The inventory amounted to $17,804. The slaves, eight in number, were inventoried at $5,000. Houses and lots in New Orleans were appraised at $12,700. There were no credits, and the movable effects amounted to only $89, or, as added up in the inventory, $104.

By the law cited, the District Judge has a discretionary power over a portion of the amount which is to constitute the sum of the bond. He shall embrace in the bond : 1st. An amount equal to the active debts ; 2dly. The money and other movable effects stated in the inventory ; and, 3dly. Such other sum as *he shall deem sufficient* to cover any loss or damage which the curator may occasion the interdicted by his bad administration.

Now, it is true, the discretion vested in the District Judge is a legal discretion, which may, in a proper case, be revised by this court. But in order to do so, we must be in possession of the same means of judging as the lower court. The habits of the petitioner may be known to the District Judge ; the probable amount of the hire of the eight slaves and rent (which may be large) of the four houses, may also be within his knowledge ; and from the health and age of the interdicted, he may suppose the curatorship may continue many years.

The District Judge may, therefore, have supposed that funds to a large amount might accumulate in the hands of the curator from the revenue, or that the property might be deterioated by bad management.

If such were his opinion from the facts developed in other proceedings on the interdiction, or from his own knowledge of the situation of the property, or his knowledge of the curator's habits and character, he did not err.

The law requires that the District Judge should exercise a watchful care over the interests of minors and interdicted persons, and that on these *ex parte* orders, fixing the amount of bonds, &c., he should require ample security, where, from his personal knowledge he has reason to fear a loss to the minor or interdicted person. If parties wish to question the exercise of such discretion by the District Judge, they should place on file testimony showing that he has been governed by an unnecessary caution towards the party giving bond.

Not being in possession of any of the reasons which governed him in fixing the amount of the bond at eight thousand dollars, we cannot say that he erred.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the District Court be affirmed ; and that the appellant pay the costs of the appeal.